IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. GREEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13cv101-MEF |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Michael J. Green applied for disability insurance benefits pursuant to Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income pursuant to Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff's application was denied at the initial administrative level. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ denied the claims. Tr. 22-72. The Appeals Council considered Plaintiff's appeal and the additional evidence Plaintiff submitted for review on appeal, and it rejected Plaintiff's request for review. Tr. 1. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir. 1986). The

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commisoner of Social Security.

case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(b), this case was referred to the undersigned for all pretrial proceedings as well as a report and recommendation. *Doc. No. 12.* Based on the court's review of the record and the briefs of the parties, the court recommends affirming the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id.* at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id.* It also can contain both exertional and nonexertional limitations. *Id.* at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case. The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]*See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was 40 years old at the time of the hearing before the ALJ. Tr. 33. The ALJ

4

found Plaintiff previously was discharged from the United States Navy.[5] Plaintiff completed some college and earned an Associates Degree in electronics engineering. *Id.* Plaintiff's past relevant work experience was as an electronic engineer, and most of his jobs required security clearance. *Id.* at 33-34. Plaintiff subsequently was convicted of a felony[6] and served time in prison. *Id.* In the fall of 2010, he was released from prison and applied for disability insurance benefits as well as supplemental security income. *Id.* at 22. He alleged an onset date of October 1, 2007. *Id.* Following the administrative hearing, the ALJ found Plaintiff meets the insured status requirements of the Act through December 31, 2011. *Id.* at 24. Employing the five-step process, the ALJ found Plaintiff "has engaged in substantial gainful activity since December 1, 2010." *Id.* The ALJ found:

> While in prison, [Plaintiff] wrote in his resumè he worked as an assembler, machine operator, and fabricator (Ex. 13E). In or about November 2010, [Plaintiff] started working for Labor Ready Southeast, Inc. (Exs. 8D, 9D, and 13E). In the first quarter of 2011, [Plaintiff] earned $2,943.00 and in the second quarter of 2011, he earned $4,866.00 (Ex. 8D). Furthermore, [Plaintiff's] W-2 for 2011 showed he received a total of $19,534.96 from his work at Labor Ready in 2011 (Ex. 11D). These records show [Plaintiff] has been performing substantial gainful activity since at least December 1, 2010, and is still so employed at the date of the hearing.
>
> Despite applying for disability benefits and testifying about having to fight the social stigma associated with a felony conviction, the evidence shows

---

[5]The ALJ found Plaintiff was honorably discharged in 1991, but according to Plaintiff's testimony at the hearing, he received a general discharge in 1994. Tr. 24, 38. The discrepancy is immaterial to the resolution of Plaintiff's case before this court.

[6]Generally, a claimant is not entitled to social security benefits while in prison, and Plaintiff does not dispute that he was ineligible to receive benefits while he was in prison. *See* 20 C.F.R. §§ 416.211 and 416.201 ("Public institution means an institution that is operated by or controlled by the Federal government, a State, or a political subdivision of a State such as a city or county.").

> [Plaintiff] has admirably been able to obtain and maintain a job in which he earned almost $20,000.00 in 2011 (Ex. 11D). Such perseverance and effort is commendable particularly in light of the fact [Plaintiff] has been performing work activity outside his past skilled work as a network control operator/engineer; however, under the Administration's regulations that commendable behavior is also grounds to find [Plaintiff] is not disabled. [Plaintiff's] ability to obtain and keep a job that pays at or above the substantial gainful activity level, in this case for a period of more than one year, shows he is in fact not disabled or inhibited from performing all work in the regional or national economy.

*Id.* at 24-25 (alterations added). Next, the ALJ found "[t]here has been no continuous 12-month period during which [Plaintiff] has not engaged in substantial gainful activity." *Id.* at 25 (alteration added). Accordingly, on February 17, 2012, the ALJ determined that Plaintiff "has not been under a disability, as defined by the Social Security Act, from October 1, 2007, through the date of this decision (20 C.F.R. §§ 404.1520(b) and 416.920(b))." *Id.*

Plaintiff appealed, and he submitted additional evidence of medications he was prescribed in 2011 and 2012. Tr. 296-302. The Appeals Council considered the reasons Plaintiff disagreed with the ALJ's decision as well as the additional evidence. Tr. 1. On January 24, 2013, it denied Plaintiff's request for review of the ALJ's decision.

## IV. PLAINTIFF'S CLAIMS

Plaintiff asks this court "to make a *de novo* review in the redetermination of the mitigating medical and non-medical evidence Section 205(g), 1631(c)(3) of the Act." *Doc. No. 1,* at 2. In his addendum to his complaint, Plaintiff lists seven separate claims. First, he claims the Appeals Council decision lacked merit and failed "to address possible Homelessness, often associated with mental illness or drug addiction/alcoholism." *Doc. No.*

6

*3*, at 2.  Second, he claims the Appeals Council failed to "gather[] substantial evidence to consider Maintenance or Personal Care Services of the 'Plaintiff' as defined in 20 C.F.R. 404.1513 and 416.913."  *Id.*  Third, he claims the Appeals Council failed to "gather[] substantial evidence to consider Maintenance or Personal Care Services of the 'Plaintiff' as defined in 26 USC 7[7]02B(C)(2)(A)(iii), of the Treatment of qualified long-term care insurance."  *Id.*  Fourth, he claims the Appeals Council did not apply all available facts regarding Plaintiff's unemployment and long-term mental health treatment, as required by 20 C.F.R. § 404.1512(d)(1) and § 416.912(d)(1).  *Id.* at 3.  Fifth, he claims his treatment records show he is entitled to disability and supplemental security income pursuant to 26 U.S.C. § 7702B(a)(1), a provision of the Internal Revenue Code that states, "a qualified long-term care insurance contract shall be treated as an accident and health insurance contract."  *Id.*  Sixth, he claims the Appeals Council failed to consider "threats to [Plaintiff's] Health and safety due to severe cognitive impairment, obtain Mental Health records from current Treating source, Montgomery Area Mental Health Authority, in making its determination."  *Id.*  Seventh, he claims the Appeals Council failed to "gather[] all possible Medical impairment, Financial Volatility, Shelter accommodation, in considering the totality of the circumstances that Would Place Additional hardship on the plaintiff medical and non-medical treatment, be able To Receive interim "**Dire of Needs"** benefits while under the Appeals final determination . . . ."  *Id.* at 4.

7

**V.     DISCUSSION**

Plaintiff was denied benefits because the ALJ found Plaintiff was engaged in substantial gainful activity during the time he claimed he needed benefits. Plaintiff failed to meet Step 1 of the eligibility requirements to receive social security benefits, thus he was deemed not disabled under the Act. Upon review of the record, the court finds no error.

"'Substantial work activity' is work that involves doing significant mental and physical activities, even if on a part-time basis or with less responsibility than before. [] 'Gainful work activity,' in turn, is work activity done for pay or profit." *Green v. Comm'r, Soc. Sec. Admin.,* No. 13-13565, 2014 WL 503557, at *2 (11th Cir. Feb. 10, 2014) (per curiam) (citing 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b)).  Factors to consider in determining whether a claimant is engaged in substantial gainful activity include such things as the nature of the work, the quality of the work, the time spent at work, and whether the work is done under special conditions or supervision. *Id.* (citing 20 C.F.R. §§ 404.1573 and 416.973); *see also Johnson v. Sullivan*, 929 F.2d 596, 597 (11th Cir. 1991) (listing factors). A claimant who receives wages exceeding the threshold amount set out in the regulations, however, creates a rebuttable presumption that the claimant is engaged in substantial gainful activity. *See Green*, 2014 WL 503557, at *2 (citing *Johnson*, 929 F.2d at 598; 20 C.F.R. §§ 404.1574(b)(2) and 416.974(b)(2)). In 2010 and 2011, the threshold amount was $1,000.00 per month.[7]  *See* 20 C.F.R. § 404.1574(b)(2)(ii)(B); *see also* Substantial Gainful Activity Table,

---

[7]The threshold amount in 2011 is "calculated by multiplying $700 by the ratio of the national average wage index for the year 2 calendar years before the year for which the amount is being calculated to the

8

SSA, *available at* <http://www.ssa.gov/OACT/COLA/sga.html> (last accessed Apr. 30, 2014); *and see* DI 10501.015 Table 2 of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity, SSA *Programs and Operations Manual (POMS), available at* <http://policy.ssa.gov/apps10/poms.nsf/lnx/0410501015> (last accessed Apr. 30, 2014).

Plaintiff was released from prison in the fall of 2010. In about November 2010, he obtained work at Labor Ready, where he performed general labor and construction work. Tr. 40-45. He earned $2,943.00 in the first quarter of 2011, $4,866.00 in the second quarter of 2011, and his W-2 for 2011 showed total earnings from Labor Ready of $19,534.96. Tr. 167, 176. Plaintiff applied for unemployment in October 2011 because the weather turned cold and he could not get the construction work he had been doing. Tr. 46. At the time of the hearing Plaintiff was getting day jobs at Labor Ready. *Id.* Plaintiff said he was willing to work and looking for work. *Id.* at 46-47. As the ALJ pointed out, Plaintiff has made admirable progress in overcoming the effects of his conviction and incarceration, and his determination and willingness to work has served him well. The record of Plaintiff's wages, however, supports the presumption that Plaintiff was engaging in substantial gainful activity. The various arguments Plaintiff now makes are either immaterial, or they do not rebut the presumption. Once the ALJ determined that Plaintiff was engaged in substantial gainful activity, the evaluation was at an end. The determination that Plaintiff was not disabled

---

national average wage index for the year 1998[,]" rounded up "to the next higher multiple of $10 where such amount is a multiple of $5 but not of $10 and to the nearest multiple of $10 in any other case." 20 C.F.R. § 404.1574(b)(2)(ii)(B).

9

during the time he sought benefits is supported by substantial evidence, and Plaintiff's additional evidence and arguments to the contrary are without merit.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner should be affirmed. Accordingly, it is the RECOMMENDATION of the Magistrate the decision of the Commissioner be AFFIRMED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 16, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of May, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE